**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JANE DOE,
Plaintiff, Case No.: ____________________

v.

ROBERT LESTER WILLIAMS, IV,
Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JANE DOE ("Plaintiff"), by and through undersigned counsel, sues Defendant, ROBERT LESTER WILLIAMS, IV ("Defendant Williams"), and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is a civil action for damages, statutory liquidated damages, injunctive relief, and other relief arising from Defendant Williams's nonconsensual disclosure of intimate visual depictions of Plaintiff, his surreptitious recording of Plaintiff, and related tortious conduct, brought pursuant to 15 U.S.C. § 6851 and Florida law.

2. Plaintiff is an adult natural person who, at all times material hereto, resided in Pinellas County, Florida, within the Middle District of Florida.

3. Plaintiff is identified herein by the pseudonym "Jane Doe" because this action concerns intimate visual depictions of Plaintiff and other matters of the utmost personal sensitivity, and public disclosure of Plaintiff's identity would compound the very harms for which she seeks redress.

4. Defendant Williams is an adult natural person who, at all times material hereto, resided in Pinellas County, Florida, within the Middle District of Florida.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff asserts a claim arising under the laws of the United States, namely 15 U.S.C. § 6851.

6. This Court has supplemental jurisdiction to adjudicate Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to Plaintiff's federal claim that they form part of the same case or controversy, arising from a common nucleus of operative fact.

7. This Court has personal jurisdiction over Defendant Williams because he resides in and is domiciled in the State of Florida, and because the acts and omissions giving rise to this action were committed by him within the State of Florida.

8. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §§ 1391(b)(1)–(2) because both parties reside within the Middle District of Florida and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Venue is proper in the Tampa Division pursuant to Local Rule 1.04, M.D. Fla., because the events giving rise to this action occurred in Pinellas County, Florida.

**BACKGROUND FACTS**

9. In or about the spring of 2026, Plaintiff met Defendant Williams at "The Bends," a neighborhood bar in St. Petersburg, Pinellas County, Florida, where a number of Plaintiff's friends regularly gathered.

10. The parties became friends and not long after, started a romantic relationship.

11. During the early stages of the relationship, Defendant Williams was extremely attentive toward Plaintiff, frequently giving her flowers, gifts,

and other displays of affection, and pursuing her consistently until Plaintiff developed feelings for him.

12. Early in the relationship, Plaintiff observed circumstances that caused her to question whether Defendant Williams had continued contact with a former girlfriend. Plaintiff confronted Defendant Williams about her concerns and explained that honesty and trust were essential to her because of prior experiences involving deception and sexually explicit material in past relationships.

13. Plaintiff specifically told Defendant Williams that pornography and sexual interactions with other people were non-negotiable issues for her. Defendant Williams assured Plaintiff that he understood and agreed.

14. As the relationship progressed, Defendant Williams encouraged Plaintiff to leave her employment as a bartender, representing that he would support her financially while she completed an online certification program.

15. Defendant Williams co-signed Plaintiff's residential lease as an additional tenant.

16. In reliance upon those representations and upon the seriousness of the parties' relationship, Plaintiff resigned from her employment and became financially dependent upon Defendant Williams.

17. The parties spent the majority of their time together, discussed a future together, planned travel to meet Plaintiff's family, and Defendant Williams discussed with Plaintiff the possibility of asking her father for permission to marry her.

18. During the relationship, the parties recorded several intimate videos (the "Explicit Videos") for their private use.

19. The parties were in a committed relationship, and Plaintiff reasonably believed that and any and all intimate videos would remain private.

20. The Explicit Videos were created with the understanding that they would remain private between the parties and would not be shared with anyone else.

21. At all times, Plaintiff had a reasonable expectation of privacy in the private residence and bedroom in which Explicit Videos and Secret Explicit Videos were made.

22. Plaintiff later learned that Defendant Williams made additional intimate videos of Plaintiff during sexual activity that he recorded without Plaintiff's knowledge or consent (the "Secret Explicit Videos").

23. Since Plaintiff did not even know about the Secret Explicit Videos that Defendant Williams made without her knowledge or consent, she could not have consented to their disclosure or dissemination to others.

24. On or about July 13–14, 2026, Plaintiff discovered that Defendant Williams had intentionally disseminated, shared, published, and/or disclosed the Explicit Videos and Secret Explicit Videos to unknown people on the internet without her knowledge or consent.

25. Plaintiff discovered that Defendant Williams disseminated, shared, published, and/or disclosed the Explicit Videos and Secret Explicit Videos because she was using Defendant Williams's phone to check the parties in for an airline flight.

26. While checking in on Defendant Williams's phone, a notification from "Pure," an application installed on the phone, popped up.

27. The notification was sexually explicit on its face, and it was immediately apparent to Plaintiff that "Pure" was an application through which users exchanged sexually explicit material.

28. Plaintiff observed that Defendant Williams also used the Explicit Videos and Secret Explicit Videos of Plaintiff as "currency" to obtain intimate videos from other users of the "Pure" app.

29. Upon information and belief, Defendant Williams disseminated, shared, published, and/or disclosed the Explicit Videos and Secret Explicit Videos to multiple people on multiple occasions.

30. As a result of Defendant Williams' actions, Plaintiff lives in constant fear for her physical safety; and fears Defendant Williams will seek to retaliate against her.

31. Since mid-July, Plaintiff has not felt safe being alone. She was staying with friends and family and has now temporarily relocated outside of Florida because she no longer feels comfortable remaining in the area while these matters are pending.

32. Plaintiff suffered significant psychological and emotional harm as a result of Defendant Williams's disseminating, sharing, publishing, and disclosing the Explicit Videos and Secret Explicit Videos to unknown third parties on the internet.

33. Defendant Williams's actions caused Plaintiff (a) to suffer increased depression and heightened anxiety requiring medication adjustments and counseling; (b) have intense feelings of shame, humiliation, and fear that her friends, family, classmates, and prospective employers may

find the Explicit Videos and Secret Explicit Videos on the internet; (c) to have a disruption of her educational program; (d) to become social isolated.

**COUNT I - (VIOLATION OF 15 U.S.C. § 6851)**

34. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-33 above as though fully set forth herein.

35. Defendant Williams disclosed the Explicit Videos and Secret Explicit Videos using the internet which is a means or facility of interstate or foreign commerce under Federal Law.

36. Defendant Williams disclosed the Explicit Videos and Secret Explicit Videos with full knowledge that Plaintiff did not consent such disclosure.

37. At no time did Plaintiff consent to the distribution of the Explicit Videos and Secret Explicit Videos.

38. Plaintiff is a "depicted individual" as that phrase is defined in 15 U.S.C. § 6851(a)(3) because she is depicted in the Explicit Videos and the Secret Explicit Videos and she is identifiable by her likeness and by virtue of her unique physical characteristics and tattoos.

39. The Explicit Videos and the Secret Explicit Videos contain "Intimate Visual Depictions," as defined in 15 U.S.C. § 6851(a)(5), of Plaintiff because she is visually depicted engaging in sexually explicit conduct and in a state of nudity that depicts parts of her body set forth in 15 U.S.C. § 6851(a)(5)(A)(i).

40. The Explicit Videos and the Secret Explicit Videos contain "Intimate Visual Depictions," as defined in 15 U.S.C. § 6851(a)(5), of Plaintiff because she is visually depicted in a state of nudity that depicts parts of her body set forth in 15 U.S.C. § 6851(a)(5)(A)(i).

41. Defendant Williams's dissemination, sharing, publication, and/or disclosure of the Explicit Videos and Secret Explicit Videos without Plaintiff's knowledge or consent was despicable, unlawful, violated 15 U.S.C. § 6851, and caused Plaintiff to suffer significant and lasting mental and emotional harm.

42. Plaintiff is likely to succeed on the merits, has no adequate remedy at law, and is entitled to temporary and permanent injunctive relief under both federal and state laws, 15 U.S.C. § 6851(b)(3)(A)(ii) to compel Defendant Williams to remove the Explicit Videos and the Secret Explicit Videos from wherever he posted them, and to restrain him from continuing

to disseminate, share, publish, and/or disclose the Explicit Videos and Secret Explicit Videos.

43. Plaintiff also requests that the Court permit her to maintain the confidentiality of her identity by using a pseudonym in this action as provided in 15 U.S.C. § 6851(b)(3)(B).

44. Plaintiff is also entitled to recover an award of actual damages or liquidated damages of $150,000 as provided in 15 U.S.C. § 6851(b)(3)(A)(i), the costs of this action, and reasonable attorney's fees and other litigation costs.

**COUNT II - (SEXUAL CYBERHARASSMENT – § 784.049, FLA. STAT.)**

45. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-33 above as though fully set forth herein.

46. The Explicit Videos were created with the understanding that they would remain private between the parties and would not be shared with anyone else.

47. At all times, Plaintiff had a reasonable expectation of privacy in the private residence and bedroom in which Explicit Videos and Secret Explicit Videos were made.

48. Since Plaintiff did not even know about the Secret Explicit Videos that Defendant Williams made without her knowledge or consent, she could not have consented to their disclosure or dissemination to others.

49. The Explicit Videos and Secret Explicit Videos are or contain images sexually explicit images of Plaintiff because they depict Plaintiff in a state of nudity and engaged in sexual activity.

50. The Explicit Videos and Secret Explicit Videos contain Plaintiff's personal identification information, and she is identifiable by her likeness and by virtue of her unique physical characteristics and tattoos.

51. Defendant Williams intentionally published the Explicit Videos and Secret Explicit Videos to an internet website without Plaintiff's consent.

52. Upon information and belief, Defendant Williams also intentionally disseminated the Explicit Videos and Secret Explicit Videos through electronic means to another person  the Explicit Videos and Secret Explicit Videos to an internet website.

53. Defendant Williams disclosed the Explicit Videos and Secret Explicit Videos with full knowledge that Plaintiff did not consent such disclosure.

54. Defendant Williams's dissemination, sharing, publication, and/or disclosure of the Explicit Videos and Secret Explicit Videos without Plaintiff's knowledge or consent was despicable, unlawful, violated 784.049, Fla. Stat., and caused Plaintiff to suffer significant and lasting mental and emotional harm.

55. Plaintiff is an "aggrieved person" under § 784.049(7), Fla. Stat.

56. Plaintiff is likely to succeed on the merits, has no adequate remedy at law, and is entitled to temporary and permanent injunctive relief under § 784.049, Fla. Stat., to compel Defendant Williams to remove the Explicit Videos and the Secret Explicit Videos from wherever he posted them, and to restrain him from continuing to disseminate, share, publish, and/or disclose the Explicit Videos and Secret Explicit Videos.

57. Under § 784.049(7), Fla. Stat., Plaintiff is also entitled to recover an award of actual damages of $10,000 of actual damages, whichever is greater, punitive damages, and her reasonable attorney fees and costs.

**COUNT III - (INVASION OF PRIVACY—INTRUSION UPON SECLUSION)**

58. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-33 above as though fully set forth herein.

59. Plaintiff had a reasonable expectation of privacy and seclusion in the private residence and bedroom in which she engaged in intimate activity, and in her private, intimate affairs generally.

60. Defendant Williams intentionally intruded, electronically and physically, into Plaintiff's private quarters and private affairs by, among other things, surreptitiously recording Plaintiff during sexual activity without her knowledge or consent in the Secret Explicit Videos and subsequently publishing the recordings on the internet and on an internet website.

61. Defendant Williams's intrusions were outrageous and of a character that would be highly offensive to a reasonable person.

62. As a direct and proximate result of Defendant Williams's conduct, Plaintiff has suffered damages.

63. Defendant Williams's conduct was willful, wanton, and malicious, entitling Plaintiff to an award of punitive damages.

**COUNT IV - BATTERY**

64. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-33 above as though fully set forth herein.

65. Plaintiff discovered that Defendant Williams disseminated, shared, published, and/or disclosed the Explicit Videos and Secret Explicit Videos because she was using Defendant Williams's phone to check the parties in for an airline flight.

66. When Plaintiff asked Defendant Williams about the Pure application, Defendant Williams immediately became physically aggressive and attacked her in an attempt to retrieve his phone.

67. Defendant Williams tackled Plaintiff, placed his elbow against her throat while attempting to take the phone from her, and pinned her against the front door of the residence. Plaintiff did not consent to this contact.

68. After a lengthy argument and fearing further physical harm Plaintiff retreated to the guest bedroom and barricaded herself inside.

69. Plaintiff repeatedly told Defendant Williams to stay out, but Defendant Williams violently shoved the bedroom door open, striking Plaintiff in the face and causing her nose to bleed. Plaintiff did not consent to this.

70. Once Defendant Williams gained entry into the bedroom, he again physically attacked Plaintiff and touched or struck her without her consent.

71. Plaintiff attempted to get away and scrambled under the bed, but Defendant Williams continued his attack and pulled her out from under the bed. Plaintiff did not consent to this contact.

72. Plaintiff ultimately escaped through the bedroom window.

73. A day or two later, Plaintiff returned to Defendant Williams' home to retrieve her vehicle keys, medication, and other belongings.

74. Defendant Williams refused to allow Plaintiff to retrieve her property.

75. Plaintiff then called law enforcement to assist.

76. Law enforcement arrived, interviewed Plaintiff, documented her injuries, and arrested Defendant Williams.

77. At the time of filing this action there is active criminal prosecution against Defendant Williams, Case number 522026MM009352000APC pending in the Sixth Judicial Circuit in Pinellas County, Florida.

78. As a result of Defendant Williams's attack that included his touching, striking or physically contacting Plaintiff multiple times without her consent, Plaintiff sustained bruising to her hip, legs, and other parts of her body, broken fingernails, and a bloody nose.

**COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

79. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-33 above as though fully set forth herein.

80. Defendant Williams's intentional act of disseminating, sharing, publishing, or disclosing the Explicit Videos and Secret Explicit Videos without Plaintiff's knowledge or consent to strangers on an internet application was intentional, reckless, outrageous, beyond all bounds of decency, and utterly intolerable in a civilized community.

81. Defendant Williams's recording of Plaintiff during sexual activity without her knowledge or consent and subsequently publishing the recordings on the internet and on an internet website was intentional, reckless, outrageous, beyond all bounds of decency, and utterly intolerable in a civilized community.

82. Defendant Williams engaged in this conduct even though he knew or should have known that it would cause Plaintiff severe emotional distress.

83. Defendant Williams's actions did in fact cause Plaintiff severe emotional distress.

**COUNT VI - CONVERSION**

84. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-33 above as though fully set forth herein.

85. At all times material hereto, Plaintiff owned and was entitled to the immediate possession of certain personal property located at Defendant Williams's residence, including her vehicle keys, her medication, and other personal belongings.

86. Plaintiff demanded the return of her property.

87. Defendant Williams refused to return Plaintiff's property and thereby intentionally exercised wrongful dominion and control over Plaintiff's property inconsistent with and adverse to her ownership and possessory rights.

88. Defendant Williams's wrongful exercise of dominion and control deprived Plaintiff of her property permanently or for an indefinite time, requiring Plaintiff, among other things, to incur the cost of replacing her vehicle keys and obtaining replacement medication.

89. As a direct and proximate result of Defendant Williams's conversion of her property, Plaintiff suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in her favor and against Defendant ROBERT LESTER WILLIAMS, IV, and award her the following relief:

(a) Injunctive relief under 15 U.S.C. § 6851(b)(3)(B) permitting Plaintiff to keep her identity confidential and to bring this suit under a pseudonym;

(b) Temporary, Preliminary, and Permanent Injunctive relief under 15 U.S.C. § 6851 and 784.049, Fla. Stat., directing Defendant Williams to (i) cease and desist from all further display or disclosure of the Explicit Videos and the Secret Explicit Videos; (ii) take down, hide, or remove the Explicit Videos and the Secret Explicit Videos from any place they were shared, uploaded, published, and/or displayed; (iii) to permanently destroy the Explicit Videos and the Secret Explicit Videos and certify under oath that they are destroyed;

(c) An award of statutory liquidated damages in the amount of $150,000 for each unauthorized disclosure of an Intimate

Visual Depictions," as defined in 15 U.S.C. § 6851(a)(5), of Plaintiff pursuant to 15 U.S.C. § 6851;

(d) An award of statutory damages in the amount of $10,000 per disclosure or actual damages, whichever is greater, for each violation of § 784.049, Fla. Stat.;

(e) An award of punitive damages in an amount to be determined after financial discovery;

(f) An award of reasonable attorney's fees, costs, and other litigation costs and expenses reasonably incurred pursuant to 15 U.S.C. § 6851 and § 784.049, Fla. Stat.;

(g) An award of damages for pain and suffering damages, humiliation, and emotional distress on Count IV;

(h) An award of damages for emotional distress and aggravation of an existing condition;

(i) An award of damages equivalent to fair market value for Plaintiff's property that was unlawfully converted by Defendant along with punitive damages; and

(j) An award of any other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all counts so triable.

Dated: September 14, 2026.

Respectfully submitted,

<u>*/s/Suzette M. Marteny Moore*</u>

Suzette M. Marteny Moore, Esq.
FBN: 668591
2690 S Combee Rd. | Lakeland FL 33803
T: 863-229-2140 | F: 863-213-5285

Eservice@MintLawFirm.com
Suzi@MintLawFirm.com
*Attorneys for Plaintiff*