**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JANE DOE,

Plaintiff,

v. Case No.: 8:26-cv-02679

ROBERT LESTER WILLIAMS, IV,

Defendant.
_______________________________________/

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, JANE DOE ("Plaintiff"), pursuant to Rule 10(a), Federal Rules of Civil Procedure, 15 U.S.C. § 6851(b)(3)(B), and this Court's inherent authority, respectfully moves for leave to proceed in this action under the pseudonym "Jane Doe," and in support states:

## I. RELIEF REQUESTED

Plaintiff requests an order (a) permitting Plaintiff to prosecute this action under the pseudonym "Jane Doe" in all public filings; (b) directing that Plaintiff's true identity be disclosed only to the Court, to Defendant, and to counsel of record, and that any filing containing Plaintiff's true name, or

information from which her identity may readily be ascertained, be filed under seal or in redacted form; and (c) prohibiting Defendant from publicly disclosing Plaintiff's identity in connection with this action except as necessary to defend it.

## II. BACKGROUND

This is a civil action under 15 U.S.C. § 6851 — the federal cause of action for the nonconsensual disclosure of intimate visual depictions — and Florida law. As set forth in the Complaint, without Plaintiff's knowledge or consent, Defendant disclosed sexually explicit images and videos of Plaintiff to unknown third parties using an internet application called "Pure," through which users exchange sexually explicit material. The Complaint further alleges physical violence against Plaintiff that resulted in criminal charges against Defendant. See

Defendant knows Plaintiff's identity; the parties were in a romantic relationship. The pseudonym therefore works no prejudice to Defendant's ability to defend this action. Plaintiff seeks only to keep her name out of the public record so that this lawsuit does not itself become a vehicle for linking

her identity, permanently and publicly, to the intimate material whose disclosure is the subject of the action.

## III. MEMORANDUM OF LAW

### A. Legal Standard

Rule 10(a) generally requires that a complaint name all parties, but the rule is not absolute. A party may proceed anonymously in an "exceptional case" by establishing "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quotation omitted). The court considers the totality of the circumstances, including whether the party seeking anonymity is challenging governmental activity; whether she would be required to disclose information of the utmost intimacy; whether she would be compelled to admit an intent to engage in illegal conduct; whether she faces a threat of violence or physical harm by proceeding in her own name; and whether her anonymity poses a unique threat of fundamental unfairness to the defendant. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011); *see also Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. Unit A Aug. 1981). Section 6851(b)(3)(B) confirms Congress's express recognition that preserving a

plaintiff's anonymity through use of a pseudonym is an appropriate form of relief in actions involving the nonconsensual disclosure of intimate visual depictions. *See* 15 U.S.C. § 6851(b)(3)(B)("Preservation of anonymity"; courts "may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym.").

**B. This Case Warrants the Relief Requested**

First, this action involves information of the utmost intimacy. The subject matter of the case is sexually explicit imagery of Plaintiff — including recordings made without her knowledge during sexual activity — and its dissemination to strangers. Requiring Plaintiff to litigate in her own name would essentially undermine the purpose of her lawsuit. Courts in this Circuit have recognized that matters involving sexual privacy and the attendant social stigma weigh heavily in favor of anonymity. See *Plaintiff B*, 631 F.3d at 1316–18 (abuse of discretion to deny pseudonyms to plaintiffs depicted in sexually explicit recordings); *Doe v. Neverson*, 820 F. App'x 984, 986–88 (11th Cir. 2020) (abuse of discretion to deny pseudonym to alleged victim of sexual misconduct notwithstanding the presumption of openness).

Second, denying anonymity would inflict the precise injury for which Congress created the cause of action, and would deter victims from invoking

it. A victim of nonconsensual pornography who must caption her federal complaint in her own name is forced to amplify the disclosure she seeks to stop. Section 6851(b)(3)(B) reflects Congress's judgment that anonymity is ordinarily appropriate in these actions.

Third, Plaintiff has a well-founded fear of retaliation and physical harm. The Complaint alleges that Defendant battered Plaintiff, that he was arrested and charged with battery. Plaintiff has left the area out of fear for her safety.

Fourth, there is no unfairness to Defendant and no meaningful intrusion on the public's interest. Defendant knows exactly who Plaintiff is and can litigate every issue fully. The public's ability to follow this proceeding is undiminished; only Plaintiff's name is withheld. *See Plaintiff B*, 631 F.3d at 1319.

### C. Narrow Tailoring

Plaintiff will provide her true identity to the Court under seal and has no objection to a protective condition limiting Defendant's use of her identity to the defense of this action. Plaintiff requests only that public filings refer to her as "Jane Doe."

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion, permit Plaintiff to proceed under the pseudonym "Jane Doe," and grant such further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

This is a motion seeking injunctive relief. Therefore, pursuant to L.R. 3.01(g)(1), conferral with the opposing party is not required.

*/s/ Suzette M. Marteny Moore*
Suzette M. Marteny Moore

Dated: September 14, 2026.

Respectfully submitted,

*/s/ Suzette M. Marteny Moore*
Suzette M. Marteny Moore
Florida Bar Number: 668591
MINT LAW FIRM
2690 S Combee Rd.
Lakeland, FL 33803
Telephone: 863-229-2140
Facsimile: 863-213-5285
Primary: Suzi@MintLawFirm.com
Secondary: Eservice@MintLawFirm.com
*Lead Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 14, 2026 a true and correct copy of the foregoing was filed using the Clerk of Court's electronic filing system which will serve all counsel of record electronically.

*/s/Suzette M. Marteny Moore*
Suzette M. Marteny Moore, Esq.